Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 189 | **DATE** | 1/26/11 |
| **CASE TITLE** | Seneca Smith (a.k.a. Roger Williams) (K-76299) v. Supt. Thomas, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [9] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $59.20 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The clerk is directed to issue summonses for Defendants Salvador Godinez and Cook County Jail Division 9 Officers Jones and Russell. The U.S. Marshals Service is appointed to serve these Defendants. The other Defendants are dismissed. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Status hearing set for 4/8/11 at 9:30 a.m.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Seneca Smith (a.k.a. Roger Williams), an inmate incarcerated at Stateville Correctional Center, has filed this civil rights action pursuant to 42 U.S.C. § 1983 concerning a fire that occurred at the Cook County Jail. Plaintiff alleges that, in April or May 2009, his cellmate set a fire in their cell. Allegedly, Division 9 Officers Jones and Russell purposely did not take immediate action by either putting out the fire or removing Plaintiff from the cell. Plaintiff further alleges that Executive Director Godinez never conducted any fire drills nor gave instructions how to respond in the event of a fire. Plaintiff also names Division 9 Superintendents Moreci and Thomas and Lieutenant Martinez for not having sprinkler systems in the cells.

Plaintiff seeks to proceed *in forma pauperis* in this Court. The Court grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $59.20. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Stateville inmate trust account officers shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of an inmate's complaint. Accepting Plaintiff's factual allegations as true, the Court finds that he states a colorable cause of action against Cook County Jail Division 9 Officers Jones and Russell and Cook County Jail Executive Director Godinez. Plaintiff alleges that Jones and Russell allowed a fire in Plaintiff's cell to burn without taking immediate action, which caused Plaintiff to suffer from the smoke. Godinez allegedly never conducted fire drills or trained officers or inmates what to do in the event of a fire.

      With respect to the other Defendants (the superintendents of Division 9), Plaintiff makes only general speculations that they are liable because they knew that there were no sprinkler system or similar fire deterrents in place. A complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's speculations are insufficient to state claims against Lieutenant Martinez and Superintendents Thomas and Moreci. To the extent Plaintiff alleges that the jail was ill-equipped with respect to fires, he may proceed with such claims against Executive Director Godinez.

      The United States Marshals Service is appointed to serve Cook County Jail Division 9 Offices Jones and Russell and Cook County Jail Executive Director Salvador Godinez. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, officials at the Cook County Jail shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, if an attorney has entered an appearance on behalf of the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.